ORDERED.

**Dated: November 19, 2026**

Luis E. Rivera II
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**
**www.flmb.uscourts.gov**

Case No. 2:26-bk-01992-FMR
Chapter 13

In re:

Jose Manuel Rodriguez Gonzalez
Debtor.[1]
___________________/

**ORDER DISMISSING CHAPTER 13 CASE**
(THE ORDER IS EFFECTIVE ON THE 15TH DAY FOLLOWING DATE OF ENTRY)

THIS CASE came on for consideration for the purpose of entering an appropriate order following the entry of an Order Reserving Ruling on Trustee's Motion to Dismiss for Failure to Make Plan Payments and Granting Period to Cure Default was entered on October 21, 2026 (Doc #23). By submission of this Order for entry, the Chapter 13 Trustee represents that the Debtor failed to cure the default in payments under Debtor's plan.

Accordingly, it is

**ORDERED**:

1. The case is dismissed without prejudice effective on the 15th day following the date of entry of this Order.

2. If the automatic stay imposed by 11 U.S.C. § 362(a) or the stay of an action against a codebtor under 11 U.S.C. § 1301 is in effect at the time this Order is entered, the automatic stay shall remain in effect for 14 days from the date of this Order, notwithstanding the provisions of 11 U.S.C. § 362(c)(2)(B).

[1] All references to "Debtor" include and refer to both of the Debtors in a case filed jointly by two individuals.

**3. Debtor may convert this case to a case under another chapter of the Bankruptcy Code within 14 days of the date of this Order. If the case is not converted within 14 days, the case is dismissed effective on the 15th day after the date of entry of this Order.**

4. If Debtor files a motion to vacate or for reconsideration of the Order Dismissing the Case within 14 days of the date of this Order, the automatic stay imposed by 11 U.S.C. § 362 and the stay of action against codebtor under 11 U.S.C. § 1301 shall remain in full force and effect until the Court rules on the motion.

5. All pending motions are denied and all pending hearings are canceled except for the following, over which the Court retains jurisdiction: (a) motions for relief from stay that (i) were scheduled for hearing within fourteen (14) days of the date of this Order, or (ii) request an order binding upon the Debtor in subsequently filed cases; (b) any pending order to show cause for dismissal with prejudice; and (c) motions for sanctions arising from alleged violations of the automatic stay.

6. Refund of Undisbursed Plan Payments if Case is Dismissed or Converted. If the case is dismissed or converted to a case under Chapter 7, Chapter 11, or Chapter 12, subject to the provisions of Paragraph 7 and as soon as practicable, the Trustee shall refund to Debtor any undisbursed funds in the Trustee's possession after subtracting (a) any Trustee's Statutory Percentage Fee not previously disbursed, and (b) any allowed unpaid administrative expense claims, including Debtor's attorney's claim for fees, from the amount refunded to Debtor. The Trustee may remit payment to the holders of allowed administrative expense claims directly to the holders.

7. Administrative Expense Claims if Case is Dismissed or Converted. If the case is dismissed or converted to a case under another chapter, holders of unpaid administrative expense claims, including Debtor's attorney, that seek payment in the Chapter 13 case must file their applications no later than 14 days after entry of the order dismissing or converting the case. Applications may be filed using the negative notice provisions of Local Rule 2004-2. No application is necessary for fees previously awarded by the Court.

8. The Trustee shall thereafter file his final report. Upon the filing of the final report, the Trustee will be discharged of all duties as Trustee.

9. Debtor, the Trustee, or any party in interest may, within 14 days of the date of this Order, file a motion requesting the Court to examine the fees paid to Debtor's attorney and for the disgorgement of any portion of the fees deemed excessive. The Court shall retain jurisdiction for this purpose.

Trustee, Daryl J. Smith, is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of the order.

DJS/ jlz C13T 11/19/2026